UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Rev Kasey Carroll,

        Plaintiff

v.

D. Alatorre, et al.,

        Defendants

Case No. 2:24-cv-01198-CDS-BNW

**Order Dismissing Action and Closing Case**

        This case has laid dormant for one year. Plaintiff Rev Kasey Carroll was notified that because of this lack of activity, his continued failure to either file an application to proceed *in forma pauperis* or pay the filing fee for a civil action would result in dismissal on June 20, 2025. Notice, ECF No. 4. That deadline passed and Carroll has not responded in any manner whatsoever.

        It is well established that district courts have the authority to dismiss an action based on a party's failure to prosecute, failure to obey a court order, or failure to comply with local rules. Fed. R. Civ. P. 41(b); *Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules). In determining whether to dismiss an action on one of these grounds, the court must consider: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Ghazali*, 46 F.3d at 53; *Malone*, 833 F.2d at 130; *Henderson*, 779 F.2d at 1423–24.

The first three factors, the public's interest in expeditiously resolving this litigation, the court's interest in managing its docket, and the risk of prejudice to defendants, weigh in favor of dismissal. The Ninth Circuit has held that "[t]he public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999). Here, Carroll has not only failed to properly initiate this action, but he has also failed to engage with this case in any way since it was commenced on July 1, 2024. This lack of engagement clearly suggests that he does not intend to litigate this case diligently or expeditiously. Although the defendants have not yet been served, and the mere pendency of a lawsuit is not sufficiently prejudicial to warrant dismissal, "a presumption of prejudice arises from a plaintiff's unexplained failure to prosecute." *Ash v. Cvetkov*, 739 F.2d 493, 496 (9th Cir. 1984); *Laurino v. Syringa Gen. Hosp.*, 279 F.3d 750, 753 (9th Cir. 2002) (recognizing that "a presumption of prejudice arises from a plaintiff's unexplained failure to prosecute," but finding that the plaintiff provided a non-frivolous explanation for his lack of diligence). Carroll has not offered any excuse for his failure to comply with the court's order to complete an IFP application or pay the filing fee, which has caused an unexplained and unreasonable delay.

The fourth factor, the public policy favoring disposition of cases on their merits, weighs against dismissal. However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction," which is the case here. *In re Phenylpropanolamine (PPA) Prod. Liab. Litig.*, 460 F.3d at 1228. So, the fourth factor is greatly outweighed.

The fifth factor, the availability of less drastic sanctions, also weighs in favor of dismissal. Courts "need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives." *Henderson*, 779 F.2d at 1424. A court's warning to a party that their failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Such warnings were given here. *See* ECF No. 3; ECF No. 4. Thus, the fifth factor favors dismissal.

Considering four of the five factors weigh in favor of dismissal, and Local Rule 41-1 allows for the dismissal of civil actions pending for more than 270 days without any proceeding of record, I find that dismissal is warranted. Carroll has abandoned this case. It is therefore ordered that Carroll's claims are dismissed without prejudice. The Clerk of Court is kindly directed to enter judgment accordingly, and to close this case.

Dated: July 2, 2025

_____
Cristina D. Silva
United States District Judge